IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES )<br>)<br>Plaintiff )<br>v. )<br>)<br>NORMA HORNE, *et al.*, )<br>)<br>)<br>Defendants. )<br>_____ ) | Civil Action No. 07-1300 RJL |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Pursuant to Fed. R. Civ. P. 12(b)(2), (b)(5), and (b)(6), Defendants the District of Columbia,[1] Detective Norma Horne, and Maria Delaney (collectively "Defendants") move this Court for an order of dismissal of Plaintiff Antoine Jones's complaint. In support of this motion, Defendants state the following:

1. Plaintiff has failed to properly serve the District of Columbia in accordance with Fed. R. Civ. P. 4(j), and therefore the Court lacks personal jurisdiction over the District.

2. Alternatively, Plaintiff fails to state any claim against the District for which he is entitled to relief.

3. Plaintiff states no claim against Det. Horne or Ms. Delaney arising from the search of Club Levels.

4. Plaintiff states no claim against Ms. Delaney arising from the revocation of his liquor license.

---

[1] It is not clear from Plaintiff's *pro se* complaint whether he intends to pursue a claim against the District of Columbia. In an abundance of caution, the District will treat Plaintiff's complaint as if it has in fact been named.

5.   Plaintiff fails to state a 42 U.S.C. § 1983 malicious prosecution claim against Det. Horne or Ms. Delaney.

Support for this motion is set forth in the attached memorandum of points and authorities.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


   /s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, Section 1
Bar No: 435163
Office of the Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 734-6636


   /s/ Kimberly S. Walker
KIMBERLY SULLIVAN WALKER
Special Assistant Attorney General
Office of the Attorney General
Bar. No.: 500968
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 734-6522

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTOINE JONES | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | Civil Action No. 07-1300 RJL |
| | ) | |
| NORMA HORNE, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The District of Columbia,[1] Detective Norma Horne, and Ms. Maria Delaney (collectively "Defendants"), respectfully ask this Court to dismiss Antoine Jones's ("Plaintiff's") complaint against them for several reasons. First, Plaintiff has failed to properly serve the District of Columbia in accordance with Fed. R. Civ. P. 4(j), and therefore the Court lacks personal jurisdiction over the District in this matter. Alternatively, by failing to identify any policy or procedure of the District that has caused him a constitutionally cognizable injury, Plaintiff fails to state any claim against the District for which he is entitled to relief. In addition, because Plaintiff concedes that the search of Club Levels was conducted pursuant to a valid search warrant, he states no claim against Det. Horne or Ms. Delaney arising from the search of Club Levels. Furthermore, because a liquor license may be summarily revoked without any demonstration of probable cause, Plaintiff can state no claim arising from the revocation of

---

[1] It is not clear from Plaintiff's *pro se* complaint whether he intends to pursue a claim against the District of Columbia. In an abundance of caution, the District will treat Plaintiff's complaint as if it has in fact been named.

liquor license. Finally, Plaintiff fails to state a 42 U.S.C. § 1983 malicious prosecution claim against Det. Horne or Ms. Delaney.

**BACKGROUND**

Read liberally, Plaintiff's complaint makes three allegations against Defendants arising from the search of the Club Levels nightclub, which he owns, on October 25, 2005. Compl. at paras. V and 1. First, he alleges that the search of Club Levels, while searched pursuant to a search warrant, was not supported by probable cause. *Id.* Second, Plaintiff claims that Ms. Maria Delaney of the District of Columbia Alcoholic Beverage Control Agency ("ABRA") removed his liquor license without "probable cause" and without providing him a pre-deprivation "opportunity to answer any allegations." *Id.* at para. 1. And finally, Plaintiff alleges that Detective Norma Horne of the Metropolitan Police Department planted a firearm and that Ms. Delaney planted "bogus papers and hotel receipts" in Club Levels and that this evidence is being used to support criminal charges against him. *Id.* Based on these allegations, Plaintiff seeks $1 million in damages under 42 U.S.C. § 1983. Compl. at para. VI.

Plaintiff is currently charged with conspiracy to possess with the intent to distribute cocaine and cocaine base and his trial is set for November 13, 2007. *See* Criminal Action No. 05-386 (ESH), Docket No. 389. He has, however, filed numerous pre-trial motions to suppress evidence, including the firearm he claims was planted by Det. Horne and the "bogus papers" he claims were planted by Ms. Delaney. *See, e.g.*, Criminal Action No. 05-386 (ESH), Docket Nos. 142, 158, 159, 160, 161). Plaintiff has also challenged the search of his Club Levels nightclub. Criminal Action No. 05-386 (ESH), Docket Nos. 161, 368, 369, 370, 371, 373. The relevant portions of these pre-trial motions have been denied and the search of the nightclub was ruled valid. *See, e.g., United States v. Jones*, 451 F. Supp. 2d 71, 89 (D.D.C. 2006); Criminal Action

No. 05-386 (ESH), Docket No. 384 at 2. Plaintiff does not contend in his complaint that any ruling has been made to the contrary.

### ARGUMENT

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(2) and (b)(5) if the evidence shows that the Court lacks personal jurisdiction over a defendant because that defendant was not properly served. *Omni Capital Int'l v. Rudolph Wolff & Co.*, 484 U.S. 97, 104 (1987).[2] Additionally, a complaint may be dismissed under Fed. R. Civ. P. 12(b)(6) if it is clear that no relief could result under any facts consistent with the complaint's allegations. *Black v. District of Columbia*, 480 F. Supp. 2d 136, 138 (D.D.C. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 45-47 (1957); *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997)). The "facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which the Court may take judicial notice" may be the basis of a 12(b)(6) dismissal. *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002). While this Court considering a 12(b)(6) motion must accept the factual allegations in Plaintiff's complaint as true, it is not bound to accept any inferences unsupported by factual allegations or any legal conclusions cast as factual allegations. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). Here, there is no set of facts consistent with the factual allegations in Plaintiff's

---

[2] Defendants recognize that prior to this motion, they have filed for an extension of time in which to respond to Plaintiff's complaint and counsel for Defendants has filed for admission *pro hac vice*. Defendants also recognize that objections to personal jurisdiction and lack of proper service may be waived if not timely raised. But a defendant does not waive objections to service merely by having its attorney enter an appearance. *Kiro v. Moore*, 229 F.R.D. 228, 230 (D.N.M. 2005) ("The Court could not locate any authority to support the assertion that, by entering an appearance on behalf of all Defendants, it would constitute a 'responsive pleading' such that [the defense attorney] waived service as to the remaining Defendants who had not yet been served."). Additionally, Defendants' motion for an extension of time did not waive service or any right to contest personal jurisdiction or other defenses available under Fed. R. Civ. P. 12(b) because this motion was not a responsive pleading or a motion under Fed. R. Civ. P. 12. *See, e.g.*, Fed. R. Civ. P. 12(h)(1); *Fisher v. Merryman*, 32 Fed. Appx. 721, 723 (6th Cir. 2002) ("A motion for an extension is not a responsive pleading."); *Manchester Knitted Fashions, Inc. v. Amalgamated Cotton Garment & Allied Industries Fund*, 967 F.2d 688, 692 (1st Cir. 1992) ("'We recognize that a motion for an enlargement of time in which to file a responsive pleading does not constitute a waiver of venue.'" (*J. Slotnik Co. v. Clemco Industries*, 127 F.R.D. 435, 441 (D. Mass. 1989) (citing *Martinez v. Picker International, Inc.*, 635 F. Supp. 658, 659 (D.P.R. 1986))).

complaint that support any one of his claims against Defendants. Accordingly, his complaint against the Defendants should be dismissed. *Harris v. Ladner*, 127 F.3d 1121, 1123 (D.C. Cir. 1997).

## I. The Court Lacks Personal Jurisdiction over the District of Columbia.

Service upon the District of Columbia is accomplished by "delivering a copy of the summons and the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law" of the District. Fed. R. Civ. P. 4(j)(2). To date, Plaintiff has not served the District's chief executive officer with a copy of the complaint and summons or otherwise served the District in any other manner. Proper service is essential to the establishment of personal jurisdiction over the District. *Omni Capital Int'l*, 484 U.S. at 104. Accordingly, to the extent Plaintiff's complaint may be read to state a claim against the District, dismissal of that complaint is proper under Fed. R. Civ. P. 12(b)(2) and (b)(5).

## II. Alternatively, Plaintiff States No Claim Against the District of Columbia.

The District cannot be held liable under 42 U.S.C. § 1983 unless the plaintiff can demonstrate that his injury was caused by a policy or custom of the District. *Monell v. New York City Dept. of Social Servs.*, 463 U.S. 658 (1978); *Hunter v. District of Columbia*, 943 F.2d 69, 74 (D.C. Cir. 1991). Here, Plaintiff's complaint identifies no District policy or custom that led to any alleged injury. Accordingly, to the extent that Plaintiff's complaint may be read to attempt to state a claim against the District, any such claim should be dismissed. *Hunter*, 943 F.2d at 74 (dismissal warranted when a complaint fails to allege that a municipal policy or custom led to a claimed harm).

### III. *Plaintiff States No Claim Against Det. Horne or Ms. Delaney Arising from the Search of Club Levels.*

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts that demonstrate Det. Horne or Ms. Delaney deprived him of "rights, privileges, or immunities secured by the Constitution and laws of the United States." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 283 (2002) (quoting 42 U.S.C. § 1983). In this case, however, Plaintiff's § 1983 claims against Det. Horne and Ms. Delaney arising from the search of the Club Levels hang on the bare and conclusory allegation that the search was accomplished without "probable cause," and was therefore presumptively in violation of the Fourth Amendment. Compl. at paras. V and 1. Plaintiff concedes, however, that the search of Club Levels was incident to a search warrant. Compl. at para. 1.

A search based upon a valid search warrant is consistent with the Fourth Amendment. *Gouled v. United States*, 255 U.S. 298, 308 (1921) (searches and seizures are constitutional when made under valid search warrants); *see also United States v. Ross*, 456 U.S. 798, 823 n.32 (1982) ("[A] warrant issued by a magistrate normally suffices to establish" that a law enforcement officer has "acted in good faith in conducting the search."). Plaintiff's complaint, however, makes no allegations to support a conclusion that the search warrant itself was somehow invalid. Furthermore, the complaint makes no allegations suggesting that either Det. Horne or Ms. Delaney[3] had any reason to believe the search warrant was invalid or that their reliance upon the

---

[3] Plaintiff alleges that Ms. Delaney is the Executive Director of ABRA. Compl. at 1. But as an ABRA official, she does not need to have a search warrant or even probable cause to enter Plaintiff's Club to inspect it because, as a condition of his liquor license, District of Columbia law requires Plaintiff to allow her (or any member of the Metropolitan Police Department) to inspect the Club Levels premises and the books and records of the Club. D.C. Code § 25-802 (2007). Thus, even if Plaintiff's legal conclusion that there was no probable cause for the search of Club Levels was accepted by this Court, Plaintiff still fails to state a claim based on any entry into the Club by Ms. Delaney or Det. Horne to inspect the Club premises as well as its books and records. Such an entry is permitted under District of Columbia law and is not, by itself, a clear constitutional violation. *See New York v. Burger*, 482 U.S. 691, 702 (1987) (observing that inspections of commercial premises without probable cause "may well be reasonable within the meaning of the Fourth Amendment"); *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66

warrant was unreasonable. Accordingly, even if the search warrant was ultimately determined to be or even presumed invalid, both Det. Horne's and Ms. Delaney's reliance upon it was objectively reasonable. *See United States v. Leon*, 468 U.S. 897, 923 (1984) (police officers are generally entitled to rely on a valid search warrant); *Stone v. Powell*, 428 U.S. 465, 498 (1976) ("[Once] the warrant issues, there is literally nothing more the policeman can do in seeking to comply with the law."). Therefore, Det. Horne and Ms. Delaney have qualified immunity for any of Plaintiff's claims arising from the search of Club Levels. *See Anderson v. Creighton*, 483 U.S. 635, 638 (1987) (qualified immunity shields a government official from liability as long as her actions could reasonably be thought to be consistent with the rights she is alleged to have violated); *Brown v. District of Columbia*, 638 F. Supp. 1479, 1488 (D.D.C. 1986) (defendants executing a search warrant are entitled to qualified immunity against civil rights claims brought under 42 U.S.C. §1983 when the search warrant was facially valid and their reliance on it was objectively reasonable). Consequently, Plaintiff's claims against Det. Horne and Ms. Delaney based on the search of Club Levels should be dismissed.

### IV.    *Plaintiff States No Claim Against Ms. Delaney Arising from the Revocation of His Liquor License.*

In order to prevail on his license revocation claim against Ms. Delaney, the executive director of ABRA, Plaintiff must establish that Ms. Delaney's alleged conduct violated his constitutional rights. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). Even if Plaintiff could make such a showing, he must also establish that it would have been clear or foreseeable that her alleged conduct was unlawful. *Id.* at 202.

Here, Plaintiff's claim is based on his allegations that his liquor license was removed from Club Levels without "probable cause," Compl. at para. V, and that he was denied a pre-

---

(2007) (observing that complaint must have more than "labels and conclusions" and stating that dismissal proper "[w]hen the allegations in a complaint . . . could not raise an entitlement to relief").

6

deprivation opportunity "to answer any allegations." *Id.* at para. 1. But under District of Columbia law, liquor licenses may be summarily revoked upon an ABRA determination that "the operations of a licensee present an imminent danger to the health and safety of the public." D.C. Code § 25-826(a) (2006). Additionally, liquor licenses may be revoked if: (1) the licensee violates any of the ABRA regulations, or (2) the licensed establishment is used "for any unlawful or disorderly purpose." D.C. Code § 25-823(1)-(2). Such revocations are mandatory if it is determined that the licensee has knowingly permitted the use, sale, or negotiations for the sale of any illegal drug or narcotic substance. D.C. Code § 25-822(2).

Furthermore, nothing in the District of Columbia Code imposes an evidentiary standard of "probable cause" for summary liquor license revocations. Instead, the Code only requires that such decisions must be made after an investigation, *see, e.g.*, D.C. Code § 25-826, consistent with the procedure imposed by law, D.C. Code § 25-431, and consistent with D.C. Code § 2-510(E) (2007), which requires the revocation decision to be supported by "substantial evidence." *See also Tyger Wyk Ltd. v. D.C. Alcoholic Bev. Control Bd.*, 825 A.2d 303, 307 (D.C. 2003) (applying substantial evidence standard to ABRA licensing decision). ABRA is entitled to appoint an executive director, who is empowered to carry out ABRA's functions. D.C. Code § 25-207.

Plaintiff's complaint does not even suggest that ABRA failed to investigate and determine, based on substantial evidence, that the continued operation of Club Levels was endangering the public health and safety of the citizens of the District of Columbia so as to warrant a summary revocation of the liquor license under D.C. Code §25-826(a). Additionally, Plaintiff's complaint contains no allegations supporting a conclusion that ABRA did not direct Ms. Delaney to remove the liquor license at Club Levels as a result of its revocation decision. In

7

fact, Plaintiff's complaint admits that, at the time of the license revocation, there existed a search warrant for Club Levels premised on violations of federal drug trafficking laws. Compl. at para. 1; *United States v. Jones*, 451 F. Supp. 2d 71, 73-74 (D.D.C. 2006) (describing the multi-agency investigation into alleged drug trafficking by Plaintiff and others and noting that, on October 24, 2005, pursuant to search warrants and arrest warrants, that drugs, drug paraphernalia, firearms and significant quantities of cash were seized). Plaintiff's complaint also concedes that he is currently facing trial on federal drug charges. Compl. at para. 1; Criminal Action No. 05-386 (ESH), Docket No. 389.

Moreover, Plaintiff does not allege that he attempted to seek timely reconsideration of the revocation decision or judicial review of that decision as provided by D.C. Code §§ 25-826 and 25-431. He does not allege any facts that would support the conclusion that the post-deprivation remedies available to him under the D.C. Code are constitutionally inadequate. *See Parratt v. Taylor*, 451 U.S. 527, 538 (observing that post-deprivation remedies "can satisfy the Due Process Clause"). In sum, Plaintiff's complaint alleges neither facts supporting his claim that his clearly established constitutional rights were violated nor any facts that could have put Ms. Delaney on notice that such rights were being violated. The only allegations Plaintiff makes are that "probable cause" for the revocation did not exist and that he was not given a pre-deprivation "opportunity to answer any allegations." Compl. at paras. V and 1. But because his liquor license may be summarily revoked without a determination of probable cause under the D.C. Code, these allegations alone do not support a § 1983 claim. *Saucier* at 202; *Davis & Assocs., Inc. v. District of Columbia*, 2007 U.S. Dist. LEXIS 59655 (D.D.C. 2007) (dismissing § 1983 claims when adequate post-deprivation remedies existed). Accordingly, Plaintiff's claim based on his liquor license revocation should be dismissed. *Black v. District of Columbia*, 480 F. Supp.

2d at 138 (D.D.C. 2007) (dismissal proper when no relief can result under any facts consistent with the complaint's allegations).

V.     *Plaintiff States No 42 U.S.C. § 1983 Malicious Prosecution Claim Against Det. Horne or Ms. Delaney.*

Plaintiff's final claim is based upon his allegation that Det. Horne and Ms. Delaney planted evidence that is being used in his criminal prosecution. In order to state a § 1983 claim, however, Plaintiff must allege that Det. Horne's and Ms. Delaney's actions violated his constitutional rights. *See Saucier*, 533 U.S. at 201; *see also Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979) (42 U.S.C. § 1983 "is not itself a source of substantive rights"). Plaintiff must also identify the specific constitutional right that was allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 394 (1989).

Here, Plaintiff claims that the allegedly planted evidence is being used to support his criminal prosecution. Compl. at para. 1. Following the Supreme Court's decision in *Albright v. Oliver*, 510 U.S. 266 (1994), it seems clear that there is no general right to be free from unwarranted prosecution. *Id.* at 275 ("[W]e do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute." (quoting *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975))). Instead, any constitutional right to be free from unwarranted or malicious prosecution appears to stem from the rights not to be deprived of liberty unlawfully or unreasonably pursuant to the Fourth Amendment. *Albright*, 510 U.S. 275 (citations omitted). While the Court in *Albright* did not define the contours of a § 1983 claim based on a right to be free from malicious prosecution under the Fourth Amendment, several Circuits that have concluded such a claim exists require the plaintiff to demonstrate—at a minimum—that the underlying prosecution has terminated in his favor. *See, e.g., Awabdy v. City of Adelanto*, 368 F.3d 1062 (9th Cir. 2004); *Pierce v. Gilchrist*, 359 F.3d 1279, 1294 (10th Cir. 2004); *Kingsland v. City of Miami*, 382 F.3d

1220, 1234 (11th Cir. 2004); *Castellano v. Fragozo*, 352 F.3d 939, 959 (5th Cir. 2003); *Donahue v. Gavin*, 280 F.3d 371, 379-80 and 384 (3d Cir. 2002); *Britton v. Maloney*, 196 F.3d 24, 30 (1st Cir. 1999); *Singer v. Fulton County Sherriff*, 63 F.3d 110, 114 (2d Cir. 1995). The D.C. Circuit has recently held that malicious prosecution is actionable under 42 U.S.C. § 1983. *Pitt v. District of Columbia*, 491 F.3d 494, 511 (D.C. Cir. 2007). While it did not expressly state that favorable termination of the prosecution was an element of such a claim, the case against the defendant in *Pitt* had been dismissed prior to his suit under § 1983. *Id.* at 500. Additionally, many of the Circuits upon which the D.C. Circuit had relied as a basis for recognizing such a claim all have that minimum requirement. *Id.* at 511 (citing the decisions of the First, Second, Third, Fourth, Fifth, Sixth, Tenth, and Eleventh Circuits).

In this case, Plaintiff does not and cannot allege that his criminal prosecution has been terminated in his favor. Indeed, Plaintiff's complaint concedes his prosecution is pending, Compl. at 1, and the Court may take judicial notice that his trial is set for November 13, 2007. Criminal Action No. 05-386 (ESH), Docket No. 389. Because Plaintiff's complaint concedes he cannot allege the minimum element of his § 1983 malicious prosecution claim—favorable termination of his criminal prosecution—the claim should be dismissed.

## CONCLUSION

For the above reasons, Plaintiff's complaint against Defendants should be dismissed.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

   /s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, Section 1
Bar No: 435163
Office of the Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 734-6636

   /s/ Kimberly S. Walker
KIMBERLY SULLIVAN WALKER
Special Assistant Attorney General
Bar. No.: 500968
Office of the Attorney General
Suite 600S
441 Fourth Street, N.W.
Washington, D.C. 20001
(202) 734-6522

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the Defendants' Motion to Dismiss, Memorandum in Support, and a Proposed Order were electronically filed, this 16th day of October, 2007, and that a true and correct copy was mailed, via first class mail postage prepaid, to:

Antoine Jones
DC # 241-912
1901 D. St. S.E.
Washington, D.C. 20003


     /s/ Kimberly M. Johnson
KIMBERLY MATTHEWS JOHNSON
Chief, Section 1
Bar No: 435163

*Attorney for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTOINE JONES )<br>)<br>    Plaintiff )<br>v. )<br>)<br>NORMA HORNE, et. al, )<br>)<br>)<br>    Defendant. )<br>_____) | Civil Action No. 07-1300 RJL |

## ORDER

Upon consideration of the Defendants' Motion to Dismiss Plaintiff's Complaint, any opposition thereto, and the record herein, it is this ___ day of _____, 2007;

**ORDERED** that the Defendants' motion be and hereby is **GRANTED**. It is **FURTHER ORDERED** that this case is **DISMISSED** against Defendants the District of Columbia, Detective Norma Horne, and Maria Delaney.

                                                                                   _____
                                                                                    Judge Richard J. Leon

cc:    Kimberly Matthews Johnson, Esq.
        Kimberly Sullivan Walker, Esq.
        Sixth Floor South
        441 Fourth St., N.W.
        Washington, D.C. 20001

        Antoine Jones
        DC # 241-912
        1901 D. St. S.E.
        Washington, D.C. 20003